IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**JAMES LEROY HERRINGTON**,

    Plaintiff,

    v.

**DR. THOMAS BRISTOL, et al.**,

    Defendants.

No. 2:16-cv-00680-AC

OPINION AND ORDER

**MOSMAN, J.**,

Plaintiff James Leroy Herrington comes before the Court seeking mandatory injunctions. For the reasons set forth below, I DENY Plaintiff's Motions for Mandatory Injunctions [64, 77].

**BACKGROUND**

Plaintiff is a prisoner at Snake River Correction Institution ("SRCI"). Plaintiff has filed a 42 U.S.C. § 1983 claim against SRCI medical staff, alleging a violation of his Eighth Amendment guarantee against cruel and unusual punishment. While incarcerated, Plaintiff experienced swelling and pain in two of his toes. He received medicine for his pain and underwent x-rays, bloodwork, and a nerve conduction study. When Plaintiff continued to experience pain, an SRCI doctor recommended that Plaintiff see a podiatrist. The SRCI's Therapeutic Level of Care Committee ("TLCC") approved the referral, subject to Plaintiff signing a CD28 form which would authorize payment from Plaintiff's prison trust account to

cover all expenses associated with seeing the podiatrist. Plaintiff would not sign the CD-28 and has not yet seen a podiatrist.

Plaintiff alleges a right to see a specialist for his injuries and claims that the SRCI medical staff has committed extortion by telling Plaintiff he must pay for a podiatrist, expenses, follow-up treatments, and transportation for any visit. Plaintiff asks the court to order that he be evaluated by an outside specialist paid for by SRCI, and asks for a preliminary injunction preventing the court from issuing an opinion and order in this case before Plaintiff is seen by a specialist.[1]

## LEGAL STANDARD

In the Ninth Circuit, a court may issue a preliminary injunction if it finds that: "(1) the [moving party] will suffer irreparable injury if injunctive relief is not granted, (2) the [moving party] will probably prevail on the merits, (3) in balancing the equities, the [non-moving party] will not be harmed more than [the moving party] is helped by the injunction, and (4) granting the injunction is in the public interest." *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319 (9th Cir. 1994) (quoting *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 674–75). Alternatively, a court may issue a preliminary injunction if the moving party demonstrates a combination of the possibility of irreparable injury and probable success on the merits. *Id*.

While a preliminary injunction is designed to preserve the status quo, a mandatory injunction "that goes well beyond simply maintaining the status quo *pendente lite* is particularly disfavored." *Stanley*, 13 F.3d at 1319 (quoting *Anderson v. United States*, 612 F.2d 1112, 1114

---

[1] Plaintiff filed a Motion for Mandatory Injunction [64] on May 26, 2017, accompanied by Plaintiff's Declaration [65] in which he explained what he was requesting in his motion. Plaintiff then filed a Second Motion for Mandatory Injunction [77] on August 4, 2017, not accompanied by further explanation. Because both motions contain the same language, I am addressing the requests for injunctive relief in a single opinion.

(9th Cir. 1979) (internal quotation marks omitted). "When a mandatory preliminary injunction is requested, the district court should deny relief 'unless the facts and law clearly favor the moving party.'" *Id*. "Mandatory injunctions are generally not granted unless extreme or very serious damage will result and are not issued in doubtful cases." *Marlyn Nutraceuticals v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (2011).

## DISCUSSION

### I. Preliminary Injunction

Plaintiff requests a preliminary injunction preventing a final order on his claim until he sees an outside specialist. To qualify for injunctive relief, the moving party must first show that it will suffer irreparable injury if injunctive relief is not granted. *Stanley*, 13 F.3d at 1319. Plaintiff has failed to meet that burden. He has been treated by medical staff at SRCI multiple times, received diagnostic tests, and has been offered the option to pay for a visit to see a podiatrist. SRCI medical staff and TLCC have categorized Plaintiff's request to see a podiatrist as "medically acceptable but not medically necessary care and treatment." Def.'s Resp. to Pl.'s Mots. for Mandatory Inj. [163] at 3; Or. Admin. R. 291-124-0041 (1)–(8) (2018). Based on this categorization, the TLCC concluded that Plaintiff would be required to pay for the expenses of seeing a podiatrist.

Plaintiff complains that SCRI seeks to require him to pay for his treatment from a podiatrist. He has not, however, shown or even argued that requiring him to pay for this treatment would prevent him from receiving care. Charging a prisoner fees for medical care does not violate the Eighth Amendment unless it prevents him receiving medical care. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 408 (9th Cir. 1985) (per curiam). Accordingly, Plaintiff has not shown harm that would amount to irreparable injury and has not

3 – OPINION AND ORDER

met his burden for a preliminary injunction.

## II. Mandatory Injunction

Plaintiff next requests a mandatory injunction ordering SRCI to send him to see a podiatrist and ordering SRCI to pay all associated costs. The standard for a mandatory injunction is more exacting than that for a preliminary injunction. *Martin v. Int'l Olympic Comm.*, 740 F.2d at 675. Plaintiff's must show not only that he is likely to succeed on the merits of his case, but also that he is likely to suffer very serious damage should the mandatory injunction not be granted. As noted above, requiring a prisoner to pay for his own medical care does not violate the Eighth Amendment unless it prevents him from receiving medical care. *See Shapley,* 766 F.2d at 408. Plaintiff fails to allege any damage that would result from requiring him to pay aside from the cost itself. That harm alone is insufficient to show his likelihood of success on the merits of his claim or that he will suffer serious damage should he pay for his podiatrist visit. Plaintiff has failed to meet his burden for a mandatory injunction.

## CONCLUSION

For the reasons stated above, Plaintiff's Motions for a Mandatory Injunction [64, 77] are DENIED.

IT IS SO ORDERED.

DATED this  27  day of September, 2018.

/s/Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge